REQUESTED BY: Imogene Bruce, Administrative Assistant, Crime Victim's Reparations Board.
Can the name and file of a rape victim involved in a claim with the Crime Victim's Reparations Board be kept confidential and withheld from the news media?
No.
At the present time, there exists no legislation which would allow the Crime Victim's Reparations Board to withhold the name and file of a rape victim from the news media or any other interested party. According to section 81-1833, R.S.Supp., 1978, `The board shall prepare and submit to the Governor and Legislature an annual report of its activities under sections 81-1801 to 81-1841 including the name of each applicant, a brief description of the facts in each case, and the amount of compensation awarded.' Absent from the wording of the statute is any mention of exceptions to the requirement of an annual report to the Governor and Legislature containing the names, case description and compensation awarded to every applicant. The statute is very specific in its requirements and leaves little room for interpretation.
In addition, section 84-712.01, amended by LB 86 during the 1979 Legislative Session, specifically pertains to records of state boards. The statute provides that:
 "Except where any other statute expressly provides that particular information or records shall not be made public, public records shall include all records and documents, regardless of physical form, of or belonging to this state, any county, city, village, political subdivision, or tax-supported district in this state, or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing. Data which is a public record in its original form shall remain a public record when maintained in computer files."
Since the Crime Victim's Reparations Board falls under the classification of a state board, all records maintained by the board become part of the public record, and as such, are available for inspection by any interested party. Although LB 86 does detail several exceptions to the public record requirement, the information compiled by the Crime Victim's Reparations Board cannot be classified under any of the stated exclusions.
Should the Crime Victim's Reparations Board attempt to withhold any records from public inspection, under84-712.03, also amended by LB 86, the individual requesting access to the records may file for a writ of mandamus in district court. The requesting individual may also petition the Attorney General to review the record and determine whether or not the record under question falls within the exceptions to the required public disclosure. If the Attorney General should determine that the record may not be withheld, the Board would be ordered to disclose the record immediately. If the Board still refuses to disclose the record, the person seeking disclosure may file suit against the Board in the appropriate trial court or demand in writing that the Attorney General bring suit in the name of the state. If such a demand is made, the Attorney General must bring suit within fifteen calendar days after the written demand is received. In such a suit, the court has jurisdiction to enjoin the Board from withholding the records, order the disclosure, and grant such other equitable relief as may be proper.
Should the Crime Victim's Reparations Board refuse any request by an individual to examine the records of the Board, a written description of contents of the records withheld and a statement of the specific reasons for the refusal must be provided to the individual requesting. In addition, the name of the public official or employee responsible for the decision to deny the request and notification of the individual's right of any administrative or judicial review must be provided to the requester. The Board must also maintain a file of all letters denying requests for records. Such file must be made available to any person upon request.